IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:20-CR-00029 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA BARKER |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MEMORANDUM |
| RONALD SHARP, | ) | IN OPPOSITION TO DEFENDANT'S |
| | ) | MOTION TO REOPEN DETENTION |
| Defendant. | ) | PROCEEDINGS AND PERMIT |
| | ) | TEMPORARY RELEASE |
| | ) | |

## I.      INTRODUCTION

Now comes the United States of America, by and through its counsel Justin Herdman, United States Attorney, and Kathryn G. Andrachik, Assistant United States Attorney, and hereby responds in opposition to Defendant Ronald Sharp's ("Defendant") motion to reopen detention proceedings and permit temporary release.  The Court should deny Defendant's motion because the COVID-19 pandemic does not constitute a change in circumstances and Defendant cannot prove that any circumstances have sufficiently changed to warrant a detention hearing.  Further, Defendant is a flight risk and a danger to the community and should not be released.

## II.     BACKGROUND

Defendant is charged in a one-count indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  R. 1: Indictment, PageID 1-2.  The conduct underlying the charge involved an arrest warrant issued by the Ohio Adult Parole Authority for the defendant after being declared a "PRC Violator at Large" for being a suspect in a rape case.  Defendant was arrested on October 4, 2019, and transported to his residence where a search was conducted by Defendant's supervising officer.  During the search, the officer

1

located a loaded firearm underneath the pillow on Defendant's bed and a bullet proof vest in his closet.  Defendant is currently facing rape charges and a kidnapping charge in Case No. CR-19-645515, in Cuyahoga County Common Pleas Court.

At his arraignment on February 28, 2020, Defendant waived his right to a detention hearing, reserving the right to raise the issue of detention at a later date should circumstances change.  R. 11: Waiver of Detention Hearing, PageID 23.  Defendant now moves for a hearing on pretrial detention and temporary release.  R. 24: Motion to Reopen Detention Proceedings and Permit Temporary Release, PageID 64-86.

### III.  ARGUMENT

As stated above, Defendant waived his right to a detention hearing by executing a signed waiver stating that, having been "advised of the nature or the charge and of his [ ] rights, and under advice of counsel, waives in open court his [ ] right to a detention hearing and consents that he [ ] be held without bail pursuant to Title 18 U.S.C., Section 3142 (e) and (i) but reserves the right to raise the issue of detention at a later date should circumstances change."  R. 11: Waiver of Detention Hearing, PageID 23.  While Defendant reserved the right to revisit the issue of detention at a later date, that right is predicated on a change in circumstances, which would allow him to re-open the issue of detention.

A detention hearing may be reopened only after a "judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  One factor the court may consider is Defendant's "physical and mental health."  18

U.S.C. § 3142(g)(3)(A).  The "physical and mental health" clause does not contain a provision for speculative or possible future conditions.  Id.

Here, Defendant argues that detention proceedings should be reopened because the COVID-19 pandemic, along with the hindrance it has on his ability to prepare his defense, constitutes a change in circumstances.  He claims that he has already contracted COVID-19 and is at risk of contracting it again while in custody.  While it is unfortunate that Defendant contracted the virus, he has since recovered, and the risk of contracting COVID-19 is not sufficient to warrant a change in circumstances.  While the government appreciates the risk COVID-19 poses and limitations that it currently imposes on counsel's ability to meet with Defendant in person, the limitation is not a change in circumstances related to Defendant's risk of flight or danger to the community.  This Court has already held that the COVID-19 pandemic's impact on counsel's ability to meet with clients is not a significant change in circumstances to warrant a reopening of a detention proceeding.  See United States v. Albert Aiaid-Toss, Case No. 4:19-CR-00521.

Further, Defendant argues that at the time of his arraignment he was serving time for a parole violation, and he has since finished serving that time.  While the government concedes that Defendant has completed his parole violation sentence, Defendant is still in custody on state rape charges.  Until he is no longer in state custody, Defendant's circumstances have not changed sufficiently to warrant a detention hearing.  Notably, Defendant states that he is able to post bond on his state case, not that he has in fact posted bond.

Accordingly, Defendant is not entitled to reopen the issue of detention, and the Court should deny his request for a hearing.

Even if Defendant is entitled to reopen the issue of detention, the Court should deny his request for release because Defendant is a flight risk and a danger to the community.  "Under the Bail Reform Act, 18 U.S.C. § 3142, . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)).

As stated above, Defendant is facing rape charges and a kidnapping charge in state court. Those charges, along with the nature and circumstances of his pending federal case involving a loaded firearm, indicate that Defendant is a danger to the community.   In addition, Defendant has prior convictions for gross sexual imposition and kidnapping, which also indicate that he is a danger to the community.  Further, the amount of jail time Defendant is facing is significant, which gives Defendant incentive to flee.

Therefore, this Court should deny Defendant's request for temporary release.

## IV.   CONCLUSION

For all of the reasons stated above, the Court should deny the motion in its entirety.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:    /s/ Kathryn G. Andrachik
Kathryn G. Andrachik (OH: 0093998)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3804
(216) 522-8355 (facsimile)
Kathryn.Andrachik@usdoj.gov

4