IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR029 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| | ) | |
| | ) | |
| RONALD SHARP, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Bridget M. Brennan, Acting United States Attorney, and Margaret A. Kane and Andrea Isabella, Assistant United States Attorneys and hereby files this sentencing memorandum. The Government agrees with the calculations contained in the Final Presentence Investigation Report filed on August 19, 2021. (R. 80: Presentence Investigation Report, PageID 496-513). However, the Government asks that this Court impose an upward departure based on U.S.S.G. § 4A1.3(a)(1) or an upward variance based on the factors enumerated in 18 U.S.C. § 3553(a).

## I. OFFENSE CONDUCT AND GUIDELINE CALCULATION

### A. Offense Conduct

On September 25, 2019, Parole Officer Campbell Bailey, Sharp's supervising officer, received information that Sharp had sexually assaulted his adult cousin while her minor children were present in his home. This was in violation of his parole terms and in violation of state law. Sharp is currently charged with this offense in the Cuyahoga County Court of Common Pleas and is awaiting trial. At this time Sharp is presumed innocent on these charges.

As part of his investigation into these potential parole violations, Parole Officer Bailey planned to search Sharp's residence on October 4, 2019. While en route to Sharp's address, Sharp called Bailey to inform him he had accepted a job that morning as a roofer. Officer Bailey

responded to the employer's address and located Sharp.  The Defendant was taken into custody on his warrant and placed in the back seat of Officer Bailey's vehicle.  Sharp stated that his house keys were in his work truck.  Parole officers located the truck and took possession of the house keys.  Officer Bailey then transported Sharp to his registered paroled address, 4304 East 164th Street, Cleveland, Ohio.   When told his home was going to be searched, Sharp stated to TFO Curley, "nothing you find in that house is mine."

Officer Bailey, along with other parole officers, unlocked the home's side entry door using Sharp's house keys.  Adult Parole conducted a security sweep of the residence and no occupants were located inside.  Sharp was then led inside the residence and seated at the kitchen table while a search was conducted.  Parole officers searched Sharp's bedroom.  Officer Bailey located a 9mm Smith and Wesson, Model SD9VE, semi-automatic pistol, bearing serial number HEB36, under Sharp's bed pillow in a holster.  The pistol was loaded with ten rounds of ammunition.  Officer Bailey also located a set of camouflage Gibraltar Industries body armor in the Defendant's bedroom closet and various mail and court paperwork addressed to Sharp.

DNA testing established that Sharp's DNA was recovered on the firearm and no other individual's DNA was present.  During trial Sharp argued that the firearm in fact belonged to his Uncle Jeffrey Wright and that Wright left the firearm under Sharp's bed the night before the search of his residence.  Sharp maintained that he gave permission to his Uncle to sleep in his bed and did not know that he left the firearm there.  Sharp also testified to his employment as an unarmed gas station security guard.  Sharp waivered back and forth on whether or not he reported this employment to Parole Office Bailey.  Officer Bailey did not list this employment as one of Sharp's reported employers.

**B.     Guideline Calculation**

Sharp was indicted on January 28, 2020, in a one count Indictment, charging him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (R. 80: PSR, PageID 498).  On May 12, 2021, Sharp was found guilty of the Indictment following a jury trial.  (Id.).    Because Sharp took this case to trial on the basis of innocence, the adjustment for acceptance of responsibility was not applied pursuant to USSG §3E1.1, Application Note 2.  (Id., PageID 499).  The Government agrees with this finding.

 The Presentence Investigation Report lists the offense level as 14 according to U.S.S.G. §2K 2.1(a)(6)(A) because Sharp is a prohibited person.  (Id., PageID 499).  Using this calculation, Sharp's guideline sentence would be 21-27 months.  (Id., PageID 507).

The crime of violence listed in the PSR is Sharp's Kidnapping conviction in CR-03-445796 from Cuyahoga County Common Pleas Court.  While at first glance Sharp's Kidnapping conviction in CR-03-445796 appears to be a crime of violence for federal sentencing guidelines purposes, current case law establishes that under the specific facts of this case Sharp's kidnapping conviction would not constitute as a crime of violence when applying the categorical approach.

**II.     SENTENCING FACTORS 18 U.S.C. § 3553(A)**

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>(2) the need for the sentence imposed--
>
>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>(B) to afford adequate deterrence to criminal conduct;
>
>(C) to protect the public from further crimes of the defendant; and
>
>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available;
>
>(4) the kinds of sentence and the sentencing range established for--
>
>(5) any pertinent policy statement--
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.
>
>§ 18 U.S.C. § 3553(a).

U.S.S.G. §4A1.3 permits an upward or downward departure if the defendant's criminal-history scoring substantially under or over represents the seriousness of the prior offenses. United States v. Lanning, 633 F.3d 469, (6th Cir. 2011). The information described in § 4A1.3(a)(1) may include information of prior sentences not used in computing the criminal history category, that the defendant was pending trial or sentencing on another charge at the time of the instant offense and prior similar adult criminal conduct not resulting in a criminal conviction. U.S.S.G. §4A1.3(2). Sharp's prior offense for three counts of Gross Sexual Imposition and two counts of Kidnapping with Sexually Motivated Specifications only resulted in three criminal history points. This does not adequately take into account the fact that he

4

served over 10 years in prison for these crimes or that he has to register as a sex offender for life. These offenses involved him sexually assaulting two minor female children—beginning when they were 6 and 8 years old respectively—multiple times over a three-year period while supposedly babysitting them. In fact, Sharp committed the present offense of possessing a firearm in this case not more than four years later while under the Ohio Adult Parole Authority's supervision. This would be a basis to impose the upward departure under U.S.S.G. §4A1.3.

If this Court does not find that a departure is justified under U.S.S.G. § 4A1.3, the Government would ask for an upward variance based on the factors stated in 18 U.S.C. § 3553(a). The U.S. Sentencing Guidelines are "effectively advisory." United States v. Booker, 543 U.S. 220, 245 (2005). District courts are therefore free to impose a sentence higher or lower than the advisory guideline range. A district court must identify its reasons for imposing an outside-Guidelines sentence. United States v. Vonner, 516 F.3d 382 (6th Cir. 2008) (en banc). That said, district courts are not required to show extraordinary circumstances to justify a sentence outside of the Guidelines range. Gall v. United States, 552 U.S. 38, 45-46 (2007). Similarly, the district court's reasons for varying need not proportionally equate to the amount that the variance deviates from the Guidelines range. United States v. Bolds, 511 F.3d 568, 578 (6th Cir. 2007). In reviewing sentences imposed, appellate courts must give "due deference" to the district court's conclusion that a sentence was warranted by the § 3553(a) factors. Bolds, 511 F.3d at 581 (citing Gall, 552 U.S. at 51).

The nature and circumstances of the offense show that a 21–27-month sentence is not sufficient given Sharp's history of sexually assaulting two minor females and serving 10 years in prison which failed to rehabilitate him. (R. 80: PSR, PageID 500). Sharp was originally charged in a 24 count Indictment in CR-03-3445796 alleging conduct that occurred from January 1, 1999

5

through June 25, 2003. (Exhibit A: Indictment). The case involved two different minor victims under the ages of 13 that Sharp assaulted while he babysat. Sharp grabbed victim #1's face, forcefully open mouth kissed her, and forced her onto his lap while rocking her back and forth on his clothed penis. (R. 80: PSR, PageID 500-01). He also took the victim to the basement and again forcefully open mouthed kissed her while groping her breasts and buttocks. Id. Victim #2 stated that Sharp also open mouthed kissed her, rubbed her breasts and buttocks and asked her if she liked it. Victim #2 stated that Sharp assaulted her three times. Id.

Following a jury trial, Sharp was convicted of three counts of Gross Sexual Imposition and two counts of Kidnapping, in CR-03-445796, in Cuyahoga County Court of Common Pleas. (Cuyahoga County Case Docket CR-03-445796). He was subsequently sentenced to twelve years in prison. (Id.). Sharp was released from prison on December 23, 2015, and was placed on five years of post-release control supervision with the Ohio Adult Parole Authority (APA).

Even though Sharp's prior kidnapping and gross-sexual imposition convictions are not technically crimes of violence, the facts of that case show Sharp's propensity for committing violent sexual acts. Sharp sexually assaulted two minor females under the age of 13 while he was babysitting. (Id.). While in prison he committed twelve rule infractions all showing in inability to follow rules and directions. (Id., PageID 501). Sharp threatened inmates and reminded them of this title while in incarcerated to extort money for his visitors. (Id.). Sharp was also identified as a high-ranking enforcer of the "Bloods" gang security threat group. (Id., PageID 501).

Sharp was also not compliant while on post-release control after his release from prison. Sharp was placed on post release control on December 29, 2015, after serving ten years in prison. The current case was not Sharp's only violation while on post-release control. On

6

February 28, 2018, Sharp was arrested by his parole officer for being in possession of a Tech 9 submachine gun loaded with 24 rounds of ammunition. Sharp was found guilty of this violation and served a 192-day prison term. Sharp was then arrested on October 4, 2021, for the current case again involving Sharp illegally possessing a firearm. During the scope of this investigation, Parole Officer Campbell Bailey viewed Sharp's cell phone and learned he had unsupervised contact with minor children and was leaving the state of Ohio to visit his significant other in Las Vegas, Nevada without permission. All were violations of Sharp's parole conditions. Sharp was found guilty of all these parole violations and was sentenced to serve an additional one hundred & forty-eight (148) day prison term.[1]

The Court should also consider that Sharp violated post release control when he possessed the firearm in this current case before the Court. The Court heard during trial that Sharp was very clearly instructed he was not permitted to possess a firearm. Yet, a firearm was recovered underneath his bedroom pillow and DNA testing established only his DNA was on the firearm. Sharp's explanation for the firearm given during his testimony at trial defied logic. Sharp failed to take responsibility prior to trial and the Government anticipates he will continue to do so at his sentencing hearing.

In order to reflect the seriousness of this offense, to promote respect for the law, to provide just punishment, to adequately deter the defendant, and to protect the public, a sentence above the recommended guidelines sentence is necessary in this case.

---

[1] This information was provided by Ohio Adult Parole Officer Campbell Bailey. Detailed records of this information are available should the Court request.

For the above-mentioned reasons, the Government respectfully asks that this Court apply an upward departure or upward variance from the recommended sentencing guideline range based on the factors provided in 18 USC § 3553(a).

                                        Respectfully submitted,

                                        BRIDGET M. BRENNAN
                                        Acting United States Attorney

By:  /s/ *Margaret A. Kane*
       Margaret A. Kane (OH: 0082084)
       Andrea Isabella (OH: 0090063)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3624/5499
       (216) 522-7458 (facsimile)
       Margaret.Kane@usdoj.gov
       Andrea.Isabella@usdoj.gov